WESTERN UNITED GAS AND ELECTRIC COMPANY, A CORPORATION

*v.*

STATE OF ILLINOIS.

*Opinion filed December 22, 1916.*

LICENSE FEES—*when refund will be awarded.* Claimant paid a fee to Utilities Commission of this State upon the basis of an issuance of $800,000 worth of stock when late the amount was reduced to $80,000. *Held,* that a refund should be made.

R. C. Putnam, for Claimant.

P. J. Lucey, Attorney General, for State.

The claimant company is a corporation organized and doing business under and by virtue of the laws of the State of Illinois, with its principal office at Aurora, Illinois. It is a public utility corporation which furnishes gas, electricity and steam heat in several of the cities of the State.

On petition of claimant the State Public Utilities Commission of Illinois on December 16, 1915, entered an order authorizing the issuance of $800,000 worth of bonds of the Western United Gas and Electric Company, which said order contained a provision for the payment by claimant of an authorization fee of $800.00.

The sum of $800.00 was paid by claimant to the State Public Utilities Commission in accordance with its order. Later, it was determined that the order of the State Public Utilities Commission authorizing the issuance of bonds to the amount of $800,000.00 was far in excess of what was required and upon petition of claimant said order was modified to the extent that said claimant company would be authorized to issue $80,000 worth of bonds.

After the amended order was entered by the commission reducing the amount of bonds issued from $800,000 to $80,000, claimant sought to recover from the State Public Utilities Commission and from the State Treasurer the sum of $720.00 which represents the difference between the amount paid by it, upon the entering of the first order, and the amount that it would have been required to pay under the amended order.

Claimant was informed that the money so paid by it was turned into the State Treasury, and that as there was no appropriation covering refunds of this kind he was unable to pay back the money.

Having paid the sum of $800.00 in good faith in accordance with the order of the State Public Utilities Commission, and not having received the benefit as was intended by the order of the commission, we are of the opinion that claimant is entitled to a refund of $720.00.

We accordingly make an award in favor of the claimant in the sum of $720.00.

Judge Alschuler took no part in the consideration of this case.